# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**In the Interest of the Public For the matter of**

| | |
|---|---|
| **In re: Marcus: Washington**<br>Real Party in Interest (*jus personarum*)<br><br>**MARCUS WASHINGTON,**<br>       **PLAINTIFF/ COMPLAINANT**<br><br>V.<br><br>**Movement Mortgage, LLC**<br><br>**US Bank**<br><br>       **DEFENDANTS/RESPONDANT** | Directly and/or indirectly associated with the property of a minor/infant<br><br><br><br>**BILL OF COMPLAINT IN EQUITY**<br><br><br>**Special Deposit** |

## BILL OF COMPLAINT IN EQUITY
## PRESENTMENT TO VOID PROCEEDINGS AND JURISDICTION

INTRODUCTION AND BACKGROUND with Memorandum of Law (Exhibit A)

1. COMES NOW, Marcus Washington, a natural living man of majority status, not as incorrectly styled on your documents in this matter as "**MARCUS WASHINGTON**" in all capital letters. I am appearing specially and not generally, and here only in the capacity of the Principal and Beneficial Equitable Title Holder, and not an infant/minor, hereinafter referred to as the "Complainant".

2. As such I am exercising as well as retaining and reserving all rights, natural, private commercial, incorporeal or otherwise, and does tender this claim, and makes the claim that the tender was a special deposit on the accounts receivables books of the court, via the respondent's commercial filings and/or other deposits into the court's registry, who by their own admission of the complaint showing or causing to show the existence of a qualified endorsement.

3. The respondent has come into this matter which involves administration of a trust in a presumed position that is unsustainable, and thus is being incorrectly perceived as standing in an

unadulterated non-immune capacity, as a party liable for all damages incurred including assessments, as well as penalties. This presumption is in error and not rebutted.

4. On its face it appears that the Respondent's intent and purpose, was to presume and treat the within referenced complaint as a draft, rather than a promise to pay. I believe a complaint is a promise to pay, and a draft is an order to pay, and the person holding the instrument can treat it as either. The court converted the complaint to a draft, which is a form of currency conversion. To avoid the issue, the court might raise the issue and complain that the court lacks understanding.

5. As a demur to avoid the issue, that court may complain that such information is foreign to them or they lack knowledge. The court may claim this, even while they are overseeing a matter that specifically deals with an express trust and the estate of an infant, which invokes exclusive jurisdiction and not concurrent jurisdiction. The fact is, this court acts as an administrative venue because of the administrative acts and the presidential proclamation 2038, 2039, and 2040. In those proclamations the Presidents of the United States have exercised "Emergency Powers Jurisdiction" continuously. They have exercised that authority since 1933 through the present day, according to the Senate report on national emergencies associated with the National Emergencies Act. To ensure this information is not ambiguous, nor is it foreign to the government, the Senate of the United States Congress has verified the aforementioned facts.

**Equities Implied Expression of a trust.**

6. "Minor" means an individual under the age of 18 years. The term "minor" is <u>also used</u> to refer to an individual who <u>has</u> attained the age of 18 years but has <u>not yet</u> taken control of the <u>securities</u> contained in his or her minor account. (IRM 21.7.13.3.2.2.)

7. "Minor account" means an account that a <u>custodian controls</u> on behalf of a minor, this is referred to as <u>a resulting trust</u> the definition of a resulting trust is: A **resulting trust** (from the Latin 'resalire' **meaning** 'to jump back'), is the creation of an implied trust by operation of law, where property is transferred to someone who pays nothing for it. That trustee is then implied to have held the property for the benefit of another person.

## JURISDICTION AND VENUE

8. Jurisdiction is a proper "other jurisdiction" in the Constitution, whereby the Judicial Power section authorizes such out of necessity. The judicial power shall be vested in one Supreme Court, who may extend such powers in a Court of Appeals, in District Courts, in County Courts, in Metropolitan Courts, and in such "other courts" and may be established by positive law. In this case those other courts might include equity, as equity is the law. Equity is everything and law without equity must still render equity. Therefore, this court has the power to decree in equity upon this Express Trust matter using in-camera/chambers and may enforce the Bill of Rights put forth in this bill as expressed in the Constitution.

9. An attorney, who represents an individual who has not yet attained the age of majority, is said to represent a ward of the court. An attorney holds an administrative position as an officer of the court and as such, the attorney becomes for the ward an appointed guardian ad litem. As evidence that the trust exists and is in operation, and therefore is a "RESULTING TRUST".

10. It is therefore claimed that upon attaining majority, the securities, assets, properties of the infant estate become the rightful property of the beneficiary, who has attained the age of majority. The fact that a "Resulting Trust" is in place, by operation of law and principles of equity.

Additionally, that the trust involves a minor and or/infant and/or the properties of an infant who has and maintains his/her right to such inherent jurisdiction. The result is that it is clear the proper jurisdiction in this matter is that of equity.

11. Any previous use of an attorney is not authorized by me as a representative, but merely as standby counsel only for procedural purposes, otherwise I speak for myself. Let this be on record.

## RULE OF LAW

12. Whereby this cause is a complaint in exclusive equity jurisdiction, as it directly involves the property/estate/securities of an infant/minor, and cites the rule of law as follows upon:

### Bill of Rights

13. No person's property, which includes infants/minors, shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money.

## JURISDICTION OF COURTS OVER THE ESTATES OF INFANTS

14. Jurisdiction over the estate of an infant is inherent in equity, but it may also be vested by administrative constitutional and administrative statutory provisions in particular courts. In such instances the administrative institution of proceedings affecting an infant's property, identifies this matter as involving an infant who is presumed to be a ward of the court. Therefore, the operating court in trust, for such the seizure of rights and/or property, could only be instituted as a result of a prior relationship, i.e. a special relationship, whereby the infant/minor is the beneficiary. **Therefore, the state court acts as the settlor and its agents and/or officer's trustees, constituting a trust relationship, in equity, which has broad powers and the duty to protect his or her interests.**

15. Courts of equity have General and Inherent jurisdiction over the property of infants. Primary jurisdiction over the estate of infants may, under administrative constitutional or administrative statutory provisions, be vested in the probate, county, district, or other specific court.

16. The jurisdiction can be exercised *only when* the court has acquired jurisdiction as to the particular infant/minor or subject matter. In other words, these courts have jurisdiction over estates/trusts that are exclusive in nature over which courts of equity have exclusive jurisdiction, and such matters must be heard at equity. The commencement of a proceeding affecting the infant's property vest the court with jurisdiction over his or her estate, pursuant to which the court acts in loco parentis or as a guardian, and the infant becomes its ward. **It is the duty of the court to safeguard the infant's property interests with great care, especially when in trust.**

17. The jurisdiction of the court is attached to the body, through an appearance, which equates to submitting to the court's jurisdiction, and/or a plea being entered by the infant/minor. At that point the court in its administrative capacity, has broad, comprehensive, and plenary powers over the estate of the infant/minor. However, courts of equity have exclusive jurisdiction over the property of the infant/minor.

18. This court may adjudicate the rights and equities of the infant and property only in exclusive equity. Proceeding this way may cause, whatever may be necessary to preserve and protect the infant's estate, which includes the property/assets of said estate. Further, the exercising of such powers must be tempered with reasonable limitations. One major limitation is that courts of equity have exclusive jurisdiction over the property/assets of an infant. Therefore, the court cannot act in violation of administrative constitutional statutory limitations on its powers. The court may also not permit the impounding of the infant's funds for the creation of an undisclosed trust, which the court or parties have covertly established in the instant matter. As a result, the court and those parties involved attempt to deprive the infant/minor of the right to the absolute enjoyment of the trust property. The court further attempts to conduct its antitrust activities, even after one has now come forth as appearing at the age of majority. This happens even if done later

in the proceedings, in correction of any presumptions by previous actions, or appearances in this manner.

19. An infant is not competent to waive the administrative statutory requirements enacted for his or her benefit and protection. This limits the manner in which the jurisdiction of the court may be exercised, unless and until the party attains the age of majority. At that point the party can petition for the removal of the minor's disabilities, and/or express the trust as is the action now before this court.

## JURISDICTION OF COURTS OVER ESTATES OF INFANTS/MINORS-JUDICIAL ALLOWANCES FOR SUPPORT, MAINTENANCE, AND EDUCATION.

20. Respondent(s) could not have had a valid claim against infant/minor without personal knowledge and a copy of a photo, finger-prints, a forced plea, coercion, threats, or false imprisonment. A false or defective commercial claim is/are not considered lawful evidence and/or knowledge, because such copies are held as a forgery, and evidence of involuntary servitude.

21. The courts while conducting "Commercial" Business, must disclose upon demand by the principal, the bookkeeping entries demanded. This shall include both receivables and payables, along with an affidavit. **A demand is hereby made for immediate production of said items**. The infant/minor having attained the age of majority hereby challenges the bookkeeping and demands the full accounting on the accounts receivables, accounts payables, and all dividends, profits, rents, escrows, etc., resulting from the deposit of the TRUST/Estate of the ward/beneficiary onto the courts accounts receivables and other general intangibles.

### Movement for Relief

22. Complainant is entitled to the relief due to damages in equity. "Equity must cause equity to be done, though the heavens fall". Complainant is entitled to relief, in the form of damages for the following reasons:

23. Respondent(s) has threatened to take the private property of the complainant, while under duress and threat of violence against Complainant's life, property, liberties. This trespass on that property was without just compensation, and without the expressed and/or written consent of Complainant. Respondents had a duty to respond to all complaints and questions, because of the legal special relationship of the parties. By not responding, the Respondent is in breach of trust and has caused a harm to a principal, because the infant estate and duty of care associated with the Respondent involves an express trust:

### "Verified Memorandum of Principles of Law and Points of Authorities on Express Special Relationship Trusts"

24. The court and its officers are a legal title holder of not only the express trust, but also the constructive trust.

25. As now has been placed on the record, I share the same or **similar name** as the named PLAINTIFF in this CASE. However, and for clarification, **I am not now acting in the capacity as the named plaintiff; I am the beneficiary and equitable title holder. This fact is in spite of any previous appearances otherwise.** None of this information is foreign to the court. This matter must now proceed in equity, and failure and/or refusal to proceed at equity, under exclusive jurisdiction will constitute contempt of justice.

### ELEMENTS OF A TRUST:

26. Settlor/Grantor/Trustor, is the party who intended to create a trust, which is perceived by the reasonable observer, as in the case of the New Deal and the several Federal Acts and associated State regulations -

   a. The Emergency Banking Relief Act of March 9th, 1933.

    b.   The Social Security Act of 1934, the Trust Indenture Act.

    c.   The Social Security Trust.

    d.   The Treasury Trust Fund.

    e.   The Public Trust and the Administration thereof.

27. These are each Specific and Special Relationship Agreements, as they are specifically designed and voluntarily submitted to as required by the 13th Amendment Authorizing such.

28. Rights Must Be Identified, as evidenced by Due Process of Statutory Provisions and the 14th Amendment section 1 & 4.

29. Identification of Beneficiary, whom the property is held on behalf of is held in-trust.

30. Shares/Assets/Property must be identified.

31. The Trust Must Be Workable.

32. Must have an ending i.e. can not last forever.

33. Therefore, **all Elements of a Trust Are Present** - 31 C.F.R. §§ 363.6

    A. ***Minor means an individual under the age of 18 years. The term minor is <u>also used</u> to refer to an individual who has attained the age of 18 years but has not yet taken control of the <u>securities</u> contained in his or her minor account.*** *Minor account means an account that a custodian controls on behalf of a minor, that is linked to the custodian's primary account. (See 31 CFR §§ 363.10 and 363.27 for more information about minor accounts.)*

    **B. The Settlor** is the Federal Government directly and through the state and local governments. This fact is further evidenced by the use of the lower cased "state" and "government", and other proper nouns.

C. **The identity of the Equitable Beneficial Title Holder is the Minor,** both un-obtained and attained, until they control the Securities/Shares in the trusted account.

D. **The Rights are identified** by the right to attain the Age of Majority, to gain control of securities held in one's Minor Account, and to be free from Minors Disabilities.

E. **The trust is workable** in that the custodian/fiduciary/trustee/ministerial clerk must *hold the minor/infant account in trust* on/for the benefit/behalf of a minor/infant, which is linked to the custodian's primary account. In most instances this involves the Federal and State Treasuries.

F. **The Trust may not last forever,** as it and the duties of all parties' end upon attaining the Age of Majority, and documenting such in a definitive manner by attaching an affidavit attesting to his or her Birth Certificate. NOTE THE PRINCIPLE:

**"the register of titles is authorized to receive for registration of memorials upon any outstanding certificate of <u>an official birth certificate pertaining to a registered owner named and said certificate of title showing the date of birth of said registered owner</u>, providing there is attached to said certificate an affidavit of an affiant who states that he/she is familiar with the facts recited, stating that the party named and said birth certificate is the same party as one of the owners name and said certificate of title, and that thereafter the register of titles shall treat registered owner as having obtained the age of majority as of the date of 18 years after the date of birth shown on said certificate"**... (see Minnesota Rule 220).

34. The aforementioned is a general court rule, meaning that it applies in principle in all birth certificates attaining related matters, and administrative proceedings. **A Power of Attorney** titled in part **"Marcus Washington power-of-attorney-general IN FACT"**, REGISTERED MAIL number 9590 9402 9791 5266 8834 00, a **PRIVATE SPECIAL RELATIONSHIP EXPRESS TRUST**, encompassing all related matters and associated properties is at issue, and thus is invoking EXCLUSIVE JURISDICTION IN EQUITY.

35. This matter does not involve a statutory and/or constitutional provision respecting a minor and or infant, this matter exclusively and specifically involves an estate/trust and the property of an infant/minor under equitable law.

36. Generally, an infant may acquire property rights, but he or she is not regarded as capable of managing his or her property. Hence, the law does not entrust him or her with the custody or control of his or her estate. The reason, an infant/minor is not capable of managing his or her own property, is because they have not yet attained the age of 18 *and /or* taken control of the securities, assets, properties held in their minor account, which is a general principle of equitable law.

37. Generally, as an equitable principal, the statute of limitations, is suspended as against infants during their disability, or either do not begin to run against an infant until the obtaining of majority, or where infancy does not toll the statutes, the infant is allowed a statutory period after attaining majority to contest any adverse possessions which commence during infancy. Here, the inference is upon the infant attaining the age of majority, the same with respect to a minor and/or juvenile, and as noted, such a person/individual shall remain a minor and or infant until such time as they gain control of the assets held in their minor account through equity.

38. With this supporting affidavit, the Complainant states that this court in good conscience and good reason shall aid the complainant in his prayer or **show cause via facts and conclusions of equitable law why he is not entitled to just compensation and other equitable relief,** to which he is entitled as equitable beneficial title holder.

39. Complainant moves this court for damages in the amount as specified in the contract and the value of the full estate plus interest, for the court is under obligation in the exercise of its inherent equitable powers to do equity.

40. Complainant additionally moves for an injunction to issue against Respondent and their Attorney. This action is for an attempted taking of trust property, theft of private information, and for solicitation against the complainant, where Respondent is not entitled to act against the trust.

Once can only conclude Respondent intends to proceed without cause, for such actions are construed as intermeddling with the estate of the infant/minor, for which there are strict and severe penalties.

## Sources Cited:

41. § 336. Damages - The power to award damages in a proper case, as a necessary incident to other purely equitable relief and in the same decree, is fully admitted, and even to award damages alone in very special cases; but the jurisdiction has been exercised with the utmost caution and reserve. See JUDICIAL INTERPRETATION OF JURISDICTION, Pomeroy, Equity Jurisprudence.

42.   A court of equity grants the relief of compensatory damages in connection with some other specific relief, and under very peculiar circumstances it decrees the payment of damages alone. Several kinds of equitable suits are wholly pecuniary in their relief, as those for contribution and exoneration. See JUDICIAL INTERPRETATION OF JURISDICTION., Pomeroy, Equity Jurisprudence: Maxims of Equity and Adjudication States that a court of equity (§ 56) to protect and' enforce rights to property the object of suits in chancery. The term "property," as used in this section, includes that which is the subject of exclusive individual ownership; or, to be more specific, includes not only lands, houses, goods and chattels, rights and credits, but, also, a man's person, and his wife and minor children, and his right to work, and to sell and acquire property, and engage in any lawful business, and his and their reputation, health and capacity to labor, and his and their right to enjoy the senses of sight, smell, hearing and taste, and his and their right of speech and locomotion, and his and their right to enjoy their sense of moral propriety when normal. As men live by their labor and property, no man is presumed to part with either without receiving or expecting an equivalent in value. Hence, whenever one person has obtained either the labor or property of another he should pay or account therefore, unless he can prove it was a gift; and so, whatever injury one person does to another's property or capacity to labor should be made good.

## Verification

I declare under the laws of the United States of America that foregoing is true and correct.

Executed on this _____ Day of _____ 2026

By: _____

Complainant and equitable **beneficial** title holder

**Exhibit A**

**Verified Memorandum of Law and Points of Authorities on Trust The Creation of a Trust**

**Cases consistent with sections stated herein:**

1.  The formation of a Trust is generally accomplished when one party contracts with a second for the benefit of a third party. In so doing the first party is referred to as a Trustor, a Grantor, or a Settlor (hereinafter any of the three synonymous titles may be used interchangeably and the plural means the singular and singular means the plural), the second party is referred to as the Trustee and the third party is referred to as the Beneficiary(ies) (hereinafter the singular refers to the singular and plural). American Jurisprudence (AmJur) Second Edition (2nd) explains this well and is a matter of record in accord with Federal Rules of Evidence Rule 803, "Hearsay Exception".

2.  The Trustee retains control of "Legal title" to that property but typically gives up "Equitable title" and use to the Beneficiary.

3.  The definition of trust can be found in "The Restatement of the Law of Trust, 2nd Ed.",

**"§2. Definitions of Trust**

A trust, as the term is used in the restatement of this subject, when not qualified by the word "charitable", "resulting" or "constructive," is a fiduciary relationship with respects to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the *property for the benefit of another person, which arises as a result of a manifestation of an intention to cre*ate it."

**Elements of a trust.** As it appears in this Section, a trust involves three elements, namely (1) **a trustee**, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) **a beneficiary**, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) **trust property**, which is held by trustee for the beneficiary."

Cases consistent with this definition are cited at Christopher v Davis, 284 S. W. 253 (Civ. App. 1926, writ of error refused), "If intention appears that property be held and dealt with for the benefit of another, equity affixes to it the character of a trust"; Guest v. Guest, 208 S.W. 547 (Civ. App. 1919), "To create an express trust in favor of one not a party to the deed, there must be an agreement existing at the time the title is acquired that it shall be held for his benefit"; *Sharon Grain Co. Farmers' Nat. Court of Follett,* 277 S.W. 449 (Civ. App. 1925); " * * money or property being delivered by one person to another for a specific purpose creates a trust, the person accepting the money becoming a trustee"; *"Court of Washington v. San Benito & R. G. V. Ry. Co.,* 293 S.W. 599 (Civ. App. 1927).

*Comment h.(?? is this meant to be a same-page a footnote?) Accord: City of Austin v Cahill*, 99 Tex. 17288, S.W. 542 (1905); *Conley v. Daughters of Republic*, 106 Tex. 80, 156 S.W. 197 (1913)

A trust relationship was established upon execution of signature when the **mortgage** document was executed (albeit without full knowledge) by the Trustor /Grantor. Restatement of the Law on Trust 2nd Ed.

**"§3. Settlor, Trust Property, Trustee and Beneficiary.**

(1) The person who creates a trust is the settlor -

Subsection (1). This is true though no cases have been found expressly laying down this proposition.

(2) The property held in trust is trust property.

Subsection (2).

(3) The person holding the property in trust is the trustee.

No case found laying down this express proposition, but it also is of course true.

(4) The person for whose *benefit* property is held in trust is the beneficiary."

Subsection (4). In *accord*. The beneficiary is perhaps more often called the cestui que trust.

4. Public Law 111-72, known as the Trust Indenture Act of 1939, sec. 303(7), states:
"the term "indenture" means any mortgage, deed of trust, trust or other indenture, similar instrument or agreement (including any supplement or amendment to the foregoing), under which securities are outstanding or are to be issued, whether or not a property, real or personal is, or is to be, pledged, mortgaged, assigned, or conveyed thereunder." (emphasis added)

This solidifies that the mortgage is **not a contract or even an agreement**, but is in fact actually a **trust indenture**, and must be executed and operated within the guidelines established for the execution of trust.

5. Restatement of the Law on Trust, 2nd Ed., states:

**"§4. Terms of Trust**

The phrase, "terms of the trust" means the manifestation of intention of the settlor with respect to the trust expressed in a manner, which admits of its proof in judicial proceedings."

No case found expressly laying down this proposition. As to the permissibility of considering extrinsic circumstances to aid in interpreting the terms of the instrument, see under § 24(1)

6. The initial method of trust creation was by application through the signing and execution of the mortgage agreement / trust indenture. The Restatement of the Law of Trust, 2nd Ed., states:

**"§17. Methods of Creating a Trust**

A trust may be created by

(a) A **declaration** by the owner of property that he holds it as trust for another person; or

(b) A **transfer inter vivos** by the owner of property to another person as trustee for the transferor or for a third person; or

(c) A **transfer by will** by the owner of property to another person as trustee for a third person; or

(d) An **appointment** by one person having a power of appointment to another person, as trustee for the donee of the power or for a third person; or

(e) A **promise** by one person to another person whose rights thereunder are to be held in trust for a third person."

*Clause* (a). In accord. In *Christopher v. Davis*, 284 S.W. 253, 257 (Civ. App. 1926, writ of error valid whether the creator constitutes himself or another trustee." Other examples are *Wallace v. Pruitt*, 1 Civ. App. 231, 20 S.W. 728 (1892); "*Samuel v. Brooks*, 207 S.W. 626, 629 (Civ. App. 1918, writ of error refused), "Trust may be created * * * by a declaration which fastens a beneficial interest in or upon property and retains the legal title in the donor."

*Clause* (b). Examples of this method are *Monday v. Vance*, 51 S.W. 346 (Civ. App. 1899); *Parrish v Mills*, 101 Tex. 276, 106 S.W. 882 (1908).

*Clause* (c). Examples of this method are *Wiess v Goodhue*, 98 Tex. 274, 276, 83 S.W. 178; *Munger v. Munger*, 298 S.W. 470 (Civ. App.).

*Clause* (d). No case is found.

*Clause* (e). Examples of this method are *Jones v. Day*, 40 Civ. App.158, 88 S.W. 424 (1905); *Warren v. Parlin – Orendorff Implement Co.*, 207 S.W. 586 (Civ. App. 1919, writ of error refused); *Costly v. Gracy*, 52 S.W. 2d 920 (Civ. App. 1932).

7.  The Restatement of the Law on Trust, 2nd Ed., concerning capacity for creating a trust states:

    **Capacity of Settlor, Transfer Inter Vivos in Trust.**

    A person has the capacity to create a trust by transferring property inter vivos in trust to the extent that he has capacity to transfer the property inter vivos free of trust."

    Cases consistent with this section are cited in *Uhlmann Grain Co. v. Wilson*, 68 S. W. 2d 281 (Civ. App. 933, writ of error dismissed), a minor was allowed to disaffirm upon reaching majority, and to recover the property.

8.  In order to transfer property in trust the settlor must have demonstrated a proper manifestation to make such property transfer. The Restatement of the Law on Trust, 2nd Ed., states:

    **"Requirement of Manifestation of Intent.**

    A trust is created only if the settlor properly manifests an intention to create a trust."

    "It is **immaterial** whether or not the settlor knows that the intended relationship is called a trust, and whether or not he knows the precise characteristics of the relationship which is called a trust."

    "By manifestation of intention is meant the external expression of intention as distinguished from undisclosed intentions. Except as otherwise provided by statute, such as the Statute of Frauds (made a part hereof by reference as if fully set forth herein) or the Statute of Wills (see made a part hereof by reference as if fully set forth herein), the manifestation of intention to create a trust may be by spoken words as well as written words or by conduct;" (emphasis added)

In accord. The mere unexpressed intention to take, hold, or convey in trust will not be sufficient. *Johnson v First National Court of Sulphur Springs*, 40 S.W. 334 (Civ. App. 1903). In the following cases there was no trust because there was no sufficient showing of an intention to create one: *Gabert v. Oleott*, 86 Tex. 121, 23 S.W. 985 (1893); *Bateman v. Ward*, 93 S.W. 508 (Civ. App. 1906) (Cannot find this ref); *Hambleton v. Southwest Texas Baptist Hospital*, 172 S.W. 574 (Civ. App. 1914) (Cannot find this ref); *Henry v. Henry*, 12 F. 2d. 12 (5 Cir., 1926), cert. denied 273 U.S. 698, 47 S. Ct. 94, 71 L. Ed. 846. (Cannot find this ref) For cases in which it was held there was an intention to create a trust, see §24.

**Mode of Manifestation of Intention.**

(1) Except as otherwise provided by statute, the manifestation of intention to create a trust may be made by written or spoken words or by conduct.

In *accord.* Subsection (1) In order to ascertain whether there was an intention to create a trust, it is permissible to look at the surrounding circumstances, former conduct, feelings between the parties etc. *Hambelton*, supra.; *Chambers v. Brown*, 2 S.W. 518 (Tex. Sup. 1886) (Cannot find this ref); *McCreary v. Robinson*, 94 Tex. 221, 59 S.W. 536 (1900); *Hambelton v. Dignowity*, 196 S.W. 864 (Civ. App. 1917), writ of error refused; *Keiser v. Moss*, 296 S.W. 963 (Civ. App. 1927) (Cannot find this ref); *Latham v Jordan*, 3 S.W. 2d 555 (Civ. App. 1928) (Cannot find this ref), rev'd on other grounds, 17 S. W. 2d 805 (Com. App. 1929) (Cannot find this ref), in this case letters, account books, and court books were admitted to show the intention of the alleged settlor; *Graves v. Graves*, 232 S.W. 543 (Civ. App. 1921, writ of error refused) (Cannot find this ref), conduct of the parties after the alleged creation of the trust held to be relevant. But declarations of the grantor made after the conveyance upon which it is sought to engraft a trust are inadmissible, on the grounds that such statements would be in disparagement of the grantee's title, *Hambelton*, supra.

~~As to the **admissibility of parol evidence;**~~

(2) No particular form of words or conduct is necessary for the manifestation of intention to create a trust."

"No particular form of words is required to create a trust." *Christopher v Davis*, 284 S.W. 253 (Civ. App. 1926, writ of error refused). See Vernon's Ann. Civ. St. arts. 261 – 274, for requirement of beneficiaries' consent in assignments for the benefit of creditors

As the trust indenture / mortgage document was drafted by the alleged Lender, and as the alleged Lender failed, or cause to fail in the disclosure to the Trustor / Grantor of the terms of the trust, a duplicitous scheme emerged as the manifestations of intent by the Grantor was nothing but an illusionary artifice established through a façade the alleged Lender portrayed as a loan. As the smoke screen masquerading as a loan had cleared this illusionary manifestation of intent became apparent to Trustor / Grantor that it was not / is not the Trustor / Grantor's intent to grant, convey or mortgage away Trustor / Grantor's property without proper and just consideration and compensation. For equity delights in equality.

9. It is the Position of Grantor that a trust was formed and that requisite duty applies. The Restatement of the Law of Trust 2nd Ed., states:

> "Precatory Words.
>
> No trust is created unless the settlor manifests an intention to impose enforceable duties."

10. The Restatement of the Law of Trust 2nd Ed., concerning Effective Conveyances of Property states: "Conveyance Inter Vivos to Person for His Own Benefit.

> If the owner of property makes a conveyance inter vivos of the property to another to be held by him for his own benefit and the conveyance is not effective to transfer the property, no trust is created."

*Comment (b).* Vernon's Ann. Civ. St. art. 3998 provides: "No gift of any goods or chattel shall be valid unless by deed or by will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with, the donee or someone claiming under him."

"does not apply to choses in action and an informal written assignment will constitute a valid gift, *Cowen v. First Nat. Court of Brownsville*, 94 Tex. 547, 63 S.W. 532, 64 S.W. 778 (1901). If the gift is ineffective or incomplete, it may be revoked by the donor. *McFerrin v. Templeman*, 102 Tex. 530, 120 S.W., 167 (1909).

The transfer of property was not effective as the alleged Lender coerced the Trustor / Grantor into signing a mortgage agreement / trust indenture through fraudulent inception and deceit. The perceived Grantor's manifestation of intent was not accurate, as the Grantor was PURPOSEFULLY MISLED AWAY FROM the knowledge that at a trust was even being created and the Grantor's property was being CONVEYED for the benefit of another, WITHOUT CONSIDERATION. Therefore, the creation of the trust was a NULLITY and a SHAM from the first instance.

11. Since the trust is not irrevocable and therefore is revocable, §32 of the same "Restatement of Law on Trust 2nd Ed." now made a part hereof by reference as if fully set forth herein, states:
"e. Reservation of power to revoke and modify.
Where the owner of property transfers it to another to be held in trust, a trust may arise at that time although by the terms of the trust the settlor reserves power to revoke the trust in whole or in part, and a power to modify the trust.

"For an effective delivery there must be an intention to deliver, and there must be acts showing an execution of that intention, *Hubbard v. Cox*, 76 Tex. 239, 13 S.W. 170 (1890), not a trust case, however, see also *Koppelmann v. Koppelmann* 94 Tex. 40, 57 S.W. 570 (1900)

This power to revoke and modify the trust indenture enables the Grantor / Settlor / Trustor to fully revoke or make modifications as deemed necessary.

12. A trust can be created and trustees can accept office without notice. "The Restatement of the Law of Trust", states:

> "Notice to and Acceptance by Trustee.
> A trust can be created *without* notice to or acceptance by trustee."

"Delivery of the deed to a third person is sufficient to pass title to the trustee, and no acceptance by the trustee is necessary for the creation of the trust, *Texas Rice Land Co. v Langham*, 193 S.W. 473 (Civ. App. 1917, writ of error refused).

Upon the execution of the trust indenture, the Trustor / Grantor was unknowingly appointed as Trustee, for the purposes of being forced into peonage and bondage to labor to fulfill the fiduciary role and pay the debt incurred by the alleged Lender through the depositing of the mortgage complaint. This is substantiated by the Trustor / Grantor retaining legal title to the property, which is standard of a trustee.

13. A trust can be created and the beneficiary can accept beneficial positions without notice. The Restatement of the Law of Trust 2nd Ed. states:

> "Notice to and Acceptance by Beneficiary.
> A trust can be created without notice to or acceptance by a beneficiary."

In *Accord. Wallis v. Satterfield*, 85 Tex. 301, 20 S.W. 155 (1892), the court held that a trust was valid, at least as to accepting beneficiaries, even though one of the beneficiaries had no knowledge of the trust.

Upon the execution of the trust indenture, the alleged beneficiary, through the use of a power of attorney unknowingly given by Trustor / Grantor at the closing of the alleged loan, appointed themselves the Beneficiary of the mortgage trust, thereby seizing the Trustor / Grantor of their property, without any full disclosure, compensation or consideration.

14. The trust created by and through the signing of the mortgage trust / agreement, have created with the help and assistance of various other financial means and methods, an atmosphere wherein the

nature of the general welfare provisions have been damaged and destroyed and many divorces have occurred notwithstanding other hardships not herein listed are made a part hereof by reference as if fully set forth herein. When a trust established to assist and maintain rights to "life", "liberty" and the "pursuit of happiness", becomes the instrument to their destruction it operates in the nature of a breach of trust. The Restatement of the Law of Trust states:

"Enforcement of Public Policy.

A trust or provision in the terms of a trust is invalid if the enforcement of the trust or provision would be against public policy, even though its performance does not involve the commission of a criminal or tortious by the trustee. "

"Encouraging divorce or separation.

A trust or provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to disrupt the family, by creating an improper motive for terminating the family relation."

Grantor has firsthand knowledge of the internal acts, intentional lack of disclosure and the misfeasance regarding agents of the ORIGINATING COURT, and any and all assigns and agents thereof and thereafter regarding the promotion of divorce and separation. Grantor has been irreparably destroyed and damaged therein for life and lives in a perpetual state of sorrow because of those actions and inaction but to the full faith and credit of the United States for the lack of protection from a government we the people established for us and our posterity.

"Encouraging neglect or parental duties.

A provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to encourage parents not to perform their duties toward their children."

"Disrupting other family relations

A provision in the terms of the trust may be held on the ground that its enforcement would tend to disrupt family relations other than the relation between husband and wife and the relation between parent and child."

"Restraining marriage.

A provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to restrain the marriage of the beneficiary."

Grantor has discovered that the labor that has been performed, while under duress to repay an alleged loan that was satisfied in full, for the purposes of the creation and enforcement of a trust indenture, has caused irreparable harm and destruction to Grantor's marriage and parenting abilities. This causing Grantor damage and failing to disclose material facts relating to the irreparable harm, add another stipulation for the Grantor to utilize their innate powers to modify and /or revoke as already covered in Restatement of Law on Trust, 2nd Ed., now made a part hereof by reference as if fully set forth herein.

15. The mortgage trust agreement, as stipulated by the alleged "Lender" is operating under a contract of impossibilities. The mortgage demands payment in a method that cannot PAY for an obligation, but merely discharge the obligation.
"Impossibility.
A trust or a provision in the terms of a trust may be unenforceable because of impossibilities."

16. There was trust property transferred from Grantor to a Trustee. Said property was personal property of Grantor in manner of a Mortgage Complaint, labor (maintenance and upkeep), among other personal and real property in exchange for the illusionary promise of a loan that was never fulfilled. The Restatement of the Law of Trust 2nd Ed., states:

"The Necessity of Trust Property."

A trust cannot be created unless there is trust property.

No case found holding a trust was not created because there was no trust property however, *City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552 (1905); and *Conley v. Daughters of the Republic of Texas*, 106 Tex. 156 S.W. 197 (1913) states ". . . there must be a conveyance or transfer to a person capable of holding it, an *object or fund* (italics theirs) transferred, and a cestui que trust or purpose to which it is to be applied. See language to the same effect in *Christopher*, supra; *Pottorff v. Stafford*, 81 S.W. 2d 539 (Civ. App. 1935); see (1936) 14 Tex. L. Rev. 280.

Contrary to popular public opinion, the **res** forth trust does not include the subject property at all. Instead the trust is constructed for the alleged Lender to steal the Grantors Mortgage Complaint for the purposes of stripping the Grantor of their property, money, equity and labor. The Mortgage Complaint is the real instrument of value that belongs to the Grantor, converted into a security, and is then sold into private debt

and equity mutual funds, as an unregistered security, creating wealth in interest and derivatives in unprecedented amounts, all for corporate greed. This entire façade was portrayed to disguise the true and indisputable facts that the Grantor is the holder of the Mortgage Complaint. Additionally, in accordance with GAAP (Generally Accepted Accounting Procedures) whose sole purpose is to ensure that financial reporting is transparent and consistent from one organization to another which is stipulated by FASB (Financial Accounting Standards Board),when the alleged Lender deposited the instrument as cash , as clearly defined by statute under 12 USC §1813(l)(1), the alleged Lender owes the amount of the deposit to the *Depositor*, which in the first instance and in this instance is the Grantor. Without the establishment of this trust *ex-maleficio* to hide behind a veil or smoke screen rather, the alleged Lender would be forced to provide the Grantor access to the funds in the demand deposit account, hence satisfying the full payment as it were of the subject property at closing.

17. Furthermore, in "The Necessity of Trust Property" states in subsection a.,

"It is important also to distinguish a trust from a contract creating a mere personal obligation, because of the difference in the extent of the protection which the courts afford to the interest of the beneficiary of the trust. The beneficiary of a trust has an equitable interest in the subject matter of the trust, and its proceeds if it is disposed of, which gives him priority over the claims of the general creditors of the trustee and over transferees who are not bona fide purchasers."

The purported Lender, as previous Beneficiary, has brought this suit in an attempt to foreclose on the Grantor's Mortgage Complaint to prevent any claims of future interest by Grantor. However, Trustor / Grantor has exercised the power to modify and revoke and thus terminate the purported Lender as Beneficiary due to the fact that purported Lender had absolutely no consideration in this Agreement.

18. The total trust res accounting for which the alleged Lender is responsible for currently unknown to Grantor. Grantor is aware of the face-value of the Mortgage Complaint, interest, etc. but is not and has been made privy to the amount of credit swaps, derivatives and other funds to which the complaint is connected. This lack of disclosure on the purported Lender's behalf does not negate the future interest of which Grantor owns. The Restatement of the Law of Trust 2nd Ed., states:

"§76. Indefinite Subject Matter.
A trust cannot be created unless the subject matter is definite or definitely ascertainable."

*Comment (b).* If the subject matter of the trust is indefinite, no trust exists. *Roth v. Schroeter*, 129 S.W. 203 (Civ. App. 1910 writ of error refused). See *Sale v. World Oil Co.*, 6 F. Supp. 321(D. C. N. D. Tex. 1933), aff'd *Humble Oil Refining Co. v. Campbell*, 69 F.2d 667 (5Cir., 1934); and *Stith v. Moore*, 42 Civ. App. 528, 95 S.W. 587 (1906, writ of error refused).

*Comment (c).* The Texas cases seem contra to this proposition. Thus, in *McMurray v. Stanley*, 69 Tex. 227, 6 S.W. 412 (1887), trust property described as follows was held sufficiently definite: ". . . at his death (devisee) should he have any property still remaining in his possession and not disposed of or used by, the same shall be give by him to my nieces."

*Accord: Haldeman v. Openheimer*, 119 S.W. 1158 (Civ. App. 1909), modified, 103 Tex. 275, 126 S.W. 506 (1910); *Norton v. Smith*, 227 S.W. 542 (Civ. App. 1921, writ of error dismissed); *Arrington v. McDaniel*, 14 S.W.2d 1009 (Com. App. 1929).

19. Both tangible and intangible Things can be held in trust. The Restatement of the Law of Trust 2nd Ed., states:

"§82. Intangible Things: Interest in intangible things, if transferable, can be held in trust."

In *accord. Thompson v. Caruthers*, 92 Tex. 530, 50 S.W. 331 (1899) (promissory complaint); *Jones v Day*, 40 Civ. App. 158, 88 S.W. 424 (1905) (promissory complaint); *Jackson v. Hughes*, 52 S.W. 2d 687 (Civ. App. 1932), judgement modified, 125 Tex. 130, 81 S.W. 2d 656 (1935) (life insurance policy); *Rape v Gardner*, 54 S.W 2d 594 (Civ. App. 1932) (life insurance policy); *Pottorff v Stafford*, 81 S.W. 2d 539 (Civ. App. 1935) (court stock).

20. The newly appointed Successor Trustee does not have to reside in the State in which the Trust is located and therefore, may be a non-resident status. The Restatement of the Law of Trust 2nd Ed., states:

"§94. Non-resident as Trustees.

A natural person who does not reside in the State in which a trust is created and is to be administered and in which the trust property is situated can be a trustee."

In accord. *Smith v. Allbright*, 261 S.W. 461 (Civ. App 1924); also see *Paschal v Acklin*, 27 Tex. 173 (1863); and *Lane v. Miller & Vidor Lumber Co.*, 176 S.W. 100 (Civ. App. 1915, writ of error refused); *Fort v. First Baptist Church of Paris*, 55 S.W. 402 (Civ. App. 1899)

**"§95. United States or State as Trustees.**

The United States or a State has capacity to take and hold property in trust, but in the absence of a statute otherwise providing the trust is unenforceable against the United States or a State."

In *Federal Trust Co. v. Brand*, 76 S. W. 2d 142 (Civ. App. 1934, writ of error refused), the State, through its Courting Commissioner, was held to be a trustee.

21. The Trustee can be replaced. Both the proper court and the Grantor have the contractual right to replace the Trustee or terminate this trust. The Restatement of the Law of Trust 2nd Ed., states:

§108. Appointment of New Trustee.

If a trust is created and there is no trustee or if the trustee, or one of several trustees failed or cause to fail in their duties to record the "Release of Lien" and "Satisfaction of Mortgage" with the full satisfaction upon the receipt of the Mortgage Complaint. Thus, the Trustor has appointed a new successor Trustee. This entire process is being conducted to ensure not only validation but enforcement too.

*Haldeman*, supra, "surviving trustee had the power to appoint". *Weiner v. Weiner*, 245 S.W. 474 (Civ. App. 1922, writ of error dismissed), "executor could appoint – but only under certain circumstances"; *Johnson v Snaman*, 76 S.W. 2d 824 (Civ. App. 1934, writ of error refused), "beneficiary could appoint".

22. Upon creation of the trust, the Trustor / Grantor / Settlor, granted a Power of Attorney (POA) to the alleged Lender, unaware of what the POA would be used for. This POA was used to appoint the alleged Lender as the Beneficiary of the trust establishment by the Trustor / Grantor / Settlor, without knowledge or consent of the Trustor / Grantor / Settlor. The Restatement of the Law of Trust 2nd Ed., states:

"§112. Definite Beneficiary Necessary.

A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities."

See *Kramer v. Sommers*, 93 S.W. 2d 460 (Civ. App.1936, writ of error dismissed), "where a trust was held void because of among other reasons assigned, there was no definite designation of the beneficiaries. The trustee was given the power to "designate and appoint at any time, either before or after the death of any beneficiary hereunder as such trustee shall desire and select to take and hold all or any of such trust estate",

and the power also "to expend all or any part of the trust property for the use and benefit of any beneficiary herein". See *infra* under § 28

*Comment (b)*. See *Crosson v. Dwyer*, 9 Civ. App. 482, 30 S.W. 929 (1895, writ of error refused), "beneficiaries were described as "our children".

Since that time, through diligent, painstaking research and man hours online and in numerous law libraries the Trustor / Grantor / Settlor has discovered the true nature of the alleged loan transaction and the creation of this constructive trust ex-maleficio. Grantor, is utilizing Grantor's power to revoke and /or modify as outlined in The Restatement of the Law of Trust 2nd Ed. §32e. now made a part hereof as stated prior. Grantor has / is terminating the POA granted to the alleged Lender and any and all assigns and agent thereof and thereafter, and terminating all beneficiaries. Such modifications are / shall be available in the Public Record for viewing.

23. The Settlor can also be the Beneficiary. The Restatement of the Law of Trust 2nd Ed., states:
"§114. The Settlor as Beneficiary.
The Settlor of a trust may be one of the beneficiaries or the sole beneficiary of the trust."

In accord. Monday v. Vance, 92 Tex. 428, 49 S.W. 516 (1889), "one of several beneficiaries"; Murphy – Bolanz Land & Loan Co. v. Mckibben, 236 S. W. 78 (Comm. App. 1922), sole beneficiary; *Johnson*, supra, "sole beneficiary".

During the utilization of the power to revoke and /or modify by the Grantor, Trustor / Grantor / Settlor has, after termination of previous beneficiary, filed the void appointment with the Trustor as the new Beneficiary of the Mortgage Trust. This new appointment is /shall be registered in the public records and coincides with the Trustor / Grantor /Settlor's true manifestation of intent.

24. Trustor /Grantor / Settlor has capacity to hold legal title to property and therefore has the capacity to be beneficiary upon property of which alleged Lender holds. The Restatement of the Law of Trust 2nd Ed., states:
"§116. Capacity to Be Beneficiary.
A person who has capacity to take and hold legal title to property has capacity to be the Beneficiary of a trust of such a property."

No case found in which this proposition was expressly stated, but it is undoubtedly the rule in Texas See §§117 – 119

25. Trustor / Grantor perceived manifestation of intent to make the alleged Lender the beneficiary. This action was done through calculated deceit by and through the alleged Lender for the purpose of stealing the Trustor / Grantor's property, equity, money, and labor. Now that the Trustor / Grantor has, through diligence, discovered this deception, Trustor /Grantor, in their true and expressed manifestation of intent, terminated the alleged Lender as the previous Beneficiary and appointed themselves as Beneficiary in conjunction with The Restatement of the Law of Trust 2nd Ed. §114, now made a part hereof by reference as if fully set forth herein. The Restatement of the Law of Trust 2nd Ed., states:

> **"§127. Who are Beneficiaries?**
>
> A person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest, except so far as this principle is limited by the rule in Shelley's Case."

COMPLAINT: The Rule in Shelley's Case is a rule of law that may apply to certain future interests in real property and trusts created in common law jurisdictions - Moynihan, Cornelius, Introduction to the Law of Real Property, 3d Edition, West Group (St. Paul: 2002).

No known restrictions or impediments to heirs of estate passage exist; therefore the aforesaid Rule is inapplicable to these proceedings.

26. The Restatement of the Law of Trust 2nd Ed., states:

> **"§169. Duty To Administer Trust.**
>
> Upon acceptance of the trust by the Trustee, he is under a duty to the beneficiary to administer the trust.

In *accord. Murchison v Payne*, 37 Tex. 305 (1872). Also see *Bruce v Republic Nat. Court & Trust Co.*, 74 S.W. 2d 461 (Civ. App. 1934, writ of error granted), ". . . it is incumbent on him (trustee) to preserve and protect the trust property for *all* beneficiaries, and to *administer* it strictly in compliance with the terms of the trust."; *McMullin v Sims*, 37 S.W. 2d 141 (Com. App. 1931); *Bruce,* supra.

> **"§170. Duty of Loyalty.**
>
> (1) The trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.

Subsection (1) In *accord. Murphy – Bolanz Land,* supra.*; Bruce,* supra.*; comment (a) – (b), (e) – (f), (k) – (n) and (p)* The trustee is dealing with the beneficiary on the trustees own account is under a duty to the beneficiary to deal fairly with him and to communicate to him all material facts in connection with the transaction which the trustee knows or should know.

Subsection (2). In *accords. Johnston v. Andrade,* 54 S.W. 2d 1029 (Civ. App. 1932, writ of error refused). Also see language in Atlas Brick Co. v North, 2 S.W.2d 980, rev'd, 13 S.W.2d 59 (Com. App. 1929); Pershing v. Henry, 236 S.W. 213 (1922), aff'd, 255 S.W. 382 (Com. App. 1923)

### "§172. Duty to Keep and Render Accounts.

The trustee is under a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust."

In *accord. White v. White,* 25 S.W. 2d 826 (Com. App. 1930), rev'g, 15 S.W. 2d 1090 (Civ. App. 1929). Also see *Alexander v Solman,* 15 S. W. 906 (Tex. Sup. 1891); *Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771, 11 *A.L.R.* 583 (Tex. Sup. 1920).

### "§173. Duty to Furnish Information.

The trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust."

In *accord. Temple State Court v. Mansfield,* 215 S.W. 154 (Civ. App. 1919, writ of error dismissed), "court held special deposit as trustee, and the court appointed a receiver because that court refused to give the beneficiary information concerning the fund."

### "§176. Duty to Preserve Trust Property.

The trustee is under a duty to the beneficiary to use reasonable care and skill to preserve the trust property.

In *accord. Seawell v. Greenway Bro. & Co.,* 22 Tex. 691, 75 Am. Dec. 794 (1859), "trustee held responsible for loss of party of the trust property."; Also see *Bruce,* supra, ". . . it is incumbent on him (trustee) to preserve and protect the trust property. . ."

*Comment a.* see §174 (comment (a) – *"Duty To Exercise Reasonable Care And Skill"*

It is the duty of the Trustee to pay the taxes on the property. Cotton v. Rand, 92 S.W. 266 (Civ. App. 1906, writ of error dismissed). It is the duty of the trustee to sue to recover the property, and to remove clouds on title. *Kirtey v. Spencer, 222* S.W. 328 (Civ. App. 1920, writ of error refused). Also see, Mathews v. Darnell, 27 Civ. App. 181, 65 S.W. 890 (1901, writ of error denied); Wichita Royalty Co. v. City Nat. Court of Wichita Falls, 127 Tex. 158, 89 S.W. 2d 394 (1935).

The newly appointed successor Trustee has a duty and obligation to faithfully administer the trust and conduct all actions accordingly to the terms and conditions of the trust and with the best intentions of the Trustor / Grantor as Beneficiary

27. The beneficiary of trust has remedy both in equity and at law. The Restatement of the Law of Trust 2nd Ed., states:

> "§197. Nature of Remedies of Beneficiary.
>
> Except as stated in §198, the remedies of the beneficiary against the trustee are exclusively equitable."

Although the cases recognize that matters pertaining to the execution of trust are within the equitable jurisdiction, *Powell v. Parks,* 86 S.W. 2d 725 (Com. App. 1935); *Kaufman v. Parker* 99 S.W. 2d 1074 (Civ. App. 1936); *Gamel v. Smith,* 3 Civ. App. 22, 21 S.W. 628 (1893), "the problem of this section and §198 is not important in Texas procedure, due to the blended system of law and equity and the availability of a jury in either.

*Comment c.* Since an action of trespass to try title may be based on an equitable title, as well as a legal one, *Blythe v. Easterling,* 20 Tex. 565 (1851); *Lester v Hutson,* 167 S.W. 321 (Civ. App. 1913, writ of error dismissed), there would seem to be no objection in Texas to the beneficiary suing the trustee in this cause of action, providing the requirements of Vernon's Ann. Civ. St. Title 124 were otherwise met. See *Montgomery v Truehart,* 146 S.W. 284 (Civ. App. 1912, writ of error refused).

**"§198. Legal Remedies of Beneficiary.**

(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee at law to enforce payment.

(2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him."

No case law found. See §197

"§199. Equitable Remedies of Beneficiary.

The beneficiary of a trust can maintain a suit;

(a) To compel the trustee to perform his duties as trustee;

(b) To enjoin the trustee from committing a breach of trust;

(c) To compel the trustee to redress a breach of trust;

(d) To appoint a receiver to take possession of the trust property and administer the trust;

(e) To remove the trustee."

*Clause (a).* In *accord* with this proposition. *Nagle v. Von Rosenberg,* 55 Civ. App.354, 119 S.W. 706 (1909); *Warren v. Parlin – Orendorff Implement Co.,* 207 S.W. 586 (Civ. App. 1918 writ of error refused); *Lipsitz v. First Nat. Court of Gordon,* 293 S.W. 563, modified, 296 S.W. 490 (Com. App., "held in this case that if the trustee's duty were to pay over money, the beneficiaries could enforce payment"; *Midland Shoe Co. v. A.L. & K. Dry Goods Co.,* 3 S.W. 2d 475 (Civ. App. 192, writ of error refused); *Brookshire v. Wambaugh,* 9 S.W. 2d 269 (Civ. App. 1928), "in this case the trustee was compelled to pay over income". Also see Hidalgo County Road District No. 1 v. Morey, 74 F. 2d 101 (5 Cir., 1935); *Redding v Redding's Executors,* 15 Tex. 249 (1855), "in this case the court compelled a partition".

*Clause (b).* In *accord. Weeks v Sibley,* 269 F. 155 (D.C.N.C. Tex. 1920); Driskill v. Boyd, 181 S.W. 715 (Civ. App. 1915, writ of error refused). Also see, Weiner v. Weiner, 245 S.W. 474 (Civ. App. 1922, writ of error dismissed), "remainderman under the trust – not the beneficiary – obtained an injunction against the trustee to protect his residuary interest"; Preston v. Walsh, 10 F. 315(C.C.W.D. Tex. 1882), rev'd, 109 U.S. 247, 3 S. Ct. 169, 245, 27 L. Ed 940.

*Clause (c).* See § §205, 206.

*Clause (d)*. In accord. *Temple State Court v. Mansfield*, 215 S.W. 154 (Civ. App.1919, writ of error dismissed); *Cotton v. Rand,* 92 S.W. 266 (Civ. App. 1906, writ of error dismissed), Driskill v. Boyd, 181 S.W. 715 (Civ. App. 1915, writ of error refused); *Bingham v. Graham*, 220S.W. 105 (Civ. App. 1920); *First State Court of Bellevue v. Gaines,* 121 Tex. 559, 50 S.W. 2d 774 (1932).

For cases in which a receiver was denied, see *Harris v. Hicks*, 13 Civ. App. 134, 34 S.W. 983 (1896); *Stroud Motor Mfg. Co. Gunzer*, 240 S.W. 644 (Civ. App. 1922)

*Clause (e)*. See§ 107

The purported Lender has been terminated by the Trustor for reasons not limited to fraudulent misrepresentation, fraudulent inducement and deception to misconstrue Grantor's manifestation of intent. The purported Lender has now been completely removed and holds no current appointment with the trust. Therefore, any action commenced by purported Lender against the Grantor as Trustee for breach of duty is frivolous and has no merit.

28. Grantor has requested that the purported Lender produce documentation to properly demonstrate the trust's accounts so that settlement of these accounts can be properly closed. The Restatement of the Law of Trust 2nd Ed., states:

**"§260. Settlement of Accounts.**

The trustee is entitled to have the accounts of his administration of the trust examined and settled by the court."

See *Watson v. Dodson*, 143 S.W 329 (Civ. App. 1912, writ of error dismissed); *Seawell v. Greenway Bro. & Co.*, 22 Tex. 691, 75 Am Dec.794 (1859).

29. The Restatement of the Law of Trust 2nd Ed., states:
   "§281. Action at Law by Beneficiary.
   (1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the trust property free of trust, the beneficiary cannot maintain an action at law against the third person, except as stated in subsection (2).
   (2) If the beneficiary is in possession of the subject matter of the trust, he can maintain such action against the third person as a person in possession is entitled to maintain."

In *Bartley v Rhodes*, 33 S.W. 604 (Civ. App. 1895), it was held that "where persons, in consideration of the transfer to him of property held in trust for payment of claims of preferred creditors, *promises the trustee* to pay the claims, such person is liable on the promise directly to the preferred creditors

"§282. Action in Equity by Beneficiary.

(1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except as stated in subsection (2) and (3).

(2) If the trustee improperly refuses or neglects to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person.

(3) if the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee, the beneficiary can maintain a suit in equity against the third person, if such suit is necessary to protect the interest of the beneficiary."

*Subsection* (1). No case found stating this proposition. However, see cases under *Subsection* (2).

*Subsection* (2). Where a beneficiary attempted to recover trust property from a third party, it was held that that the trustee should be made a party defendant to the suit. *De Everett v. Henry*, 67 Tex. 402, 3 S.W. 566 (1887); *Powell v. Parks,* 86 S.W. 2d 725 (Com. App.1935). Also see *Ballard v. Anderson*, 18 Tex. 377 (1857); and *Hall v. Harris*, 11 Tex. 300 (1854), "and when the suit is *by* or against the *cestui que trust* or beneficiary, the trustees are also necessary parties."

*Subsection* (3). No case found.

To reiterate, the purported Lender and all others claiming an interest or appointment in this matter have been terminated and noticed the same. The void appointments of Beneficiary and Trustee have been filed with appropriate parties that will administer the trust coinciding with the Trustor / Grantor's true manifested intent.

30. A trust can be revoked. The Restatement of the Law of Trust 2nd Ed., states:

"§330. Revocation of Trust by Settlor.

(1) The settlor has power to revoke the trust if and to the extent that by the terms of the trust he reserved such a power.

(2) Excepted as stated in §§332 and 333, the settlor cannot revoke the trust if by the terms of the trust he did not reserve a power of revocation.

*Subsection* (1). In *West Texas Court & Trust Co. v. Matlock*, 212 S.W 937 (Com. App. 1919), "a provision whereby the settlor reserved the power to revoke the trust if the railroad were not built within a reasonable time was held valid.

*Subsection* (2). In *accord. Monday v. Vance*, 92 Tex. 428, 49 S.W. 516 (1899)

Should the purported Lender attempt to interfere, publicly or privately, with the revocation and modification of the trust and more specifically, the registration of Trustor / Grantor as Trustee, the purported Lender would have to utter and admit to forcing slavery and involuntary servitude upon Grantor for reasons now known to be false. This would be a violation of more provisions of law and equity than will be mentioned here.

31. A trust with revocable assignment can be revoked and /or modified. The Restatement of the Law of Trust 2nd Ed., states:

"§331. Modification of Trust by Settlor.

(1) The settlor has power to modify the trust if and to the extent that by the terms of the trust he reserved such a power.

(2) Except as stated in Subsection 332 and 333, the settlor cannot modify the trust if by the terms of the trust he did not reserve a power of modification."

*Subsection* (1). No case found.

*Subsection* (2). In *accord:* Commissioner Internal Revenue Service v. Guitar Trust Estate, 72 F. 2d 544 (5 Cir., 1934). Also see Sapp v. Houston Nat. Exch. Court, 266 S.W. 141 (Com. App. 1924), court said, "terms of trust could be made changed"; Neblett v. Valentino, 92 S.W. 2d 432 (Com. App. 1936).

"§332. Power of Revocation or Modification Omitted by Mistake.

(1) If a trust is created by written instrument and the settlor intended to reserve a power of revocation but by mistake omitted to insert in the instrument a provision reserving such a power, he can have the instrument reformed and can revoke the trust.

(2) If a trust is created by a written instrument and the settlor intended to reserve a power to modify the trust but by mistake omitted to insert in the instrument a provision reserving such a power, he can have the instrument reformed and can modify the trust.

No case found.

"§333. Rescission and Reformation.

A trust can be rescinded or reformed upon the same grounds as those upon which a transfer of property not in trust can be rescinded or reformed.

*Comment c. In Caffey's Ex'rs v. Caffey*, 12 Civ. App. 616, 35 S.W. 738 (1896), it was held that a conveyance to a trustee may be set aside on the ground of fraud and duress.

In *Ebell v. Bursinger*, 70 Tex. 120, 8 S.W. 77 (1888), "the settlor sued to set aside the conveyance to the trustee on the ground of duress, but the suit was dismissed for failure to join necessary parties.

The Grantor reserved the right to revoke and /or modify at any time.

32. The Restatement of the Law of Trust 2nd Ed., states:

"§337. Consent of Beneficiaries.

(1) Except as stated in Subsection (2), if all the beneficiaries of trust consent and none of them is under an incapacity, they can compel the termination of the trust.

(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination."

*Subsection* (1). See *McNeill v. St. Aubin* 209 S.W. 781 (Civ. App. 1919), "guardian of minor beneficiaries not allowed to compel trustees to turn over corpus of the property, but court didn't discuss expressly the proposition of this section"; in *Tinsley v. Magnolia Park Co.*, 59 S.W. 629 (Civ. App. 1900, writ of error refused), the trust was held to have been terminated by the consent of all the beneficiaries.

There are statements in one or two cases to the effect that if the trust is an active one the beneficiaries cannot compel the termination of the trust. *Parks v. Powell*, 56 S.W. 2d 323 (Civ. App. 1932); *Lanius v. Fletcher*, 100 Tex. 550, 101 S.W. 1076 (1907); (this case is explainable under *Comment i*, however). If the trust is passive, the beneficiary may require the trustee to execute a conveyance to him and thus terminate the trust relationship. *Moore v City of Waco*, 85 Tex. 206, 20 S.W. 61 (1892).

*Subsection* (2), *Comment i*. In *Lanus*, supra, the beneficiary, a married woman, was not allowed to terminate the trust, her husband being still alive, and the purpose of the trust being to protect the property from the control of the husband.

No such material purposes exist. The Restatement of the Law of Trust 2nd Ed., states:

> "§339. Where Settlor is Sole Beneficiary.
>
> If the settlor is the sole beneficiary of a trust and is not under incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

Consistent with this is *Guardian Trust Co. v Studdert*, 36 S.W.2d 578 (Civ. App. 1931), aff'd, 55 S.W. 2d 550 (Com. APP. 1932)

In the event that purported Lender attempts to put forth claims that a material purpose of the trust still exist, Trustor /Grantor as the sole beneficiary, who is not under any incapacity of any kind, can still compel the termination of the trust. Settlor hereby gives notice to purported Lender to distribute trust res to Trustor / Grantor / Settlor, and documents have been or shall be registered to reflect the same.

## NOTICE

This document is not intended to threaten, harass, intimidate, offend, conspire, blackmail, coerce, cause consternation, alarm, contempt or distress or impede any public duties. It is presented with honorable and peaceful intentions. Any affirmation contrary to the verified statement of facts will comprise your stipulations to committing a fraud upon the court.

The instant matter is definitively a matter dealing with an infant/minor/ward of the court. The court shall take judicial notice without ambiguity that the presenter is the **real party in interest** who has attained the age of majority upon their 18th birthday and is construed, recognized, present not as an administrative civil adult, but as a man/woman, capable of managing and handling his/her own affairs.

This necessary recognition is not a belief but a fact, it is due to the fact that this is a matter of equity. This is a matter of trust; a matter dealing with an infant/minor estate/property. This is an instant matter that is neither civil administratively and/or criminal administratively, but is a matter of equity, without the law. Equity remains present even without law, and the court must in its mandated inherent equity position, render equity, and it may not aid a wrongdoer under any circumstances.

Should the court, through its administrative officer, make the executive decision not to respond, or to place the evidence on the record of infancy and/or attaining majority, it will be deemed acquiescence. This will also be supported by the proof contained herein of the party of interest having attained the age of majority at their 18th birthday, thus stripping the court of any presumed and/or assumed jurisdiction, making the court liable through waiver of immunity via such acquiescence.

When dealing with a person attaining the age of majority facts and conclusions **have to be supported by equitable law** and not administrative law. Administrative law may not be applied to one having attained majority without their consent and is involuntary servitude against equity. Let the record show that the presenter WAIVES NO RIGHTS under any circumstances, at any time, at any moment, without exception.

This instrument/documentation/evidence is now placed on the record, as a permanent memorial of the existence of an "**EXPRESS SPECIAL RELATIONSHIP TRUST**". As the record of the court is deemed to be public, this shall serve as publication of such existence of a trust, in addition to any other prior or nor previous publications of such records. With a five-day moratorium and/or limitation associated and attached hereto, any and all rebuttals, responses, replies, and or objections must be in writing, with point-by-point specificity supported by facts and conclusions of equitable law.

I declare under the laws of the United States of America that foregoing is true and correct. Executed on this **21** Day of ____**April**____ 2026.

By: _Marcus Washington_

As: Complainant and equitable **beneficial** entitlement holder.